DAVID J. KAMINSKI, ESQ., (SBN #128509)
kaminskid@cmtlaw.com
STEPHEN A. WATKINS, (SBN#205175)
watkinss@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant
CREDITORS INTERCHANGE RECEIVABLE
MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA MONTOYA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDITORS INTERCHANGE RECEIVABLE MANAGEMENT, LLC, d/b/a CREDITORS INTERCHANGE and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO. 2:10-cv-03037-PSG-RC<br><br>District Judge: Philip S. Gutierrez<br>Magistrate Judge: Rosalyn M. Chapman<br><br>**RULE 26 JOINT REPORT**<br><br>Scheduling Conference<br>Date:  November 1, 2010<br>Time:  2:00 p.m. |

      Pursuant to the Order of the Honorable Phillip S. Gutierrez, United States District Judge, dated July 15, 2010, the parties state for their Joint Report pursuant to Fed. R. Civ. P. 26(f) as follows:

1

## (1) THE BASIS FOR THE COURT'S SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS

Plaintiff alleges that the Court has jurisdiction over her claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") pursuant to 15 U.S.C. §1692k and jurisdiction over her claims under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq. ("RFDCPA") pursuant to 28 U.S.C. § 1331.

## (2) A BRIEF CHRONOLOGY OF THE FACTS AND A STATEMENT OF THE PRINCIPAL FACTUAL ISSUES IN DISPUTE

Plaintiff alleges that she incurred a personal debt from one Bank of America (the "Debt"), defaulted on that debt, and the debt was thereafter referred to Defendant for collection.

Plaintiff contends that beginning on or about November 24, 2009, Defendant contacted both Plaintiff and her husband regarding the Debt on multiple occasions. Plaintiff alleges that on November 24, 2009, Defendant left a voicemail message on her cell phone, stating that "Nick from the asset verification department of CI Incorporated, New York" was calling regarding "property and employment verification" and requesting to speak with plaintiff or plaintiff's husband with regard to "ID Number 13822773-895."

Plaintiff also alleges that her husband received telephone calls from Defendant's alleged agent, "Nick," who referred to plaintiff and the Debt, and purportedly threatened that a lien would be placed on their property.

Plaintiff further asserts that Defendant's agent "Nick" made various threats directly to her, such as that he would call Plaintiff's employer for "employment verification," and told plaintiff that a "group of lawyers" would contact plaintiff to let her know about "the lien." Plaintiff also alleges that she was informed by Defendant that lien was going to "happen tomorrow" regarding the debt.

Plaintiff also contends that Defendant allegedly rudely rebuffed Plaintiff's

attempts to obtain verification of the Debt, and instead received various threats and taunts.

**Factual Issues in Dispute**

Defendant admits only that plaintiff defaulted on and owes a debt that defendant was attempting to collect, that there were certain documented transactions and communications with plaintiff, refers to these transactions and communications for their content and context, and otherwise denies plaintiff's allegations. Discovery will need to be undertaken before defendant can fully analyze plaintiff's claims.

**(3) BRIEF STATEMENT OF THE DISPUTED POINTS OF LAW, INCLUDING REFERENCE TO SPECIFIC STATUTES AND DECISIONS**

Plaintiff alleges that defendant took actions that violated the FDCPA and RFDCPA while attempting to collect the Debt. In particular, Plaintiff alleges that Defendant (1) failed to identify itself as a debt collector; and (2) falsely misrepresented pending legal action in order to harass Plaintiff into paying her debt. Defendant denies Plaintiff's factual allegations, and that the actions of its agents, representatives and employees violated the FDCPA or the RFDCPA.

**(4) ANTICIPATED MOTIONS**

After discovery, both parties may file motions for summary judgment.

**(5) PROPOSED DEADLINE FOR AMENDING THE PLEADINGS**

The parties propose the date of December 1, 2010 as the deadline for plaintiff to amend the complaint and a date of December 8, 2010 as the deadline for defendant to amend its answer.

**(6) WHETHER THERE HAS BEEN FULL AND TIMELY COMPLIANCE WITH THE INITIAL DISCLOSURE REQUIREMENTS OF FED. R. CIV. P. 26 AND A DESCRIPTION OF THE DISCLOSURES MADE;**

The parties will exchange their initial disclosures pursuant to Fed. R. Civ. P. 26 by no later than October 15, 2010.

**(7) THE SCOPE OF ANTICIPATED DISCOVERY, ANY PROPOSED LIMITATIONS OR MODIFICATIONS OF THE DISCOVERY RULES, AND A PROPOSED DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(F)**

At this time, the parties have yet to commence discovery. With the Court's permission, the parties will conduct written discovery and depositions regarding plaintiff's claims and defendant's defenses.

A. Discovery will be needed on the following subjects:

Plaintiff: The nature of defendant's communications with plaintiff regarding the debt.

Defendant: All facts and circumstances that refer, reflect, relate, evidence, or concern defendant's alleged actions to collect upon the subject debt, including but not limited to plaintiff's alleged damages. This discovery will include Interrogatories, Requests for Admissions, Requests for Production of Documents and other tangible things, and the deposition of plaintiff. Defendant will seek any documents reflecting defendant's purported contact with plaintiff regarding the subject debt and plaintiff's purported damages.

B. The parties propose April 1, 2011 as the discovery cut-off date. Discovery will be conducted pursuant to Federal Rules of Civil Procedure.

C. At present, the parties do not anticipate the use of expert witnesses; however, the parties reserve the right to do so provided such use be in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. The parties propose March 18, 2011 as the deadline to disclose expert witnesses under Fed. R. Civ. P. 26(a)(2), April 1, 2011 as the deadline to disclose rebuttal expert witnesses, and May 2, 2011, as the expert discovery cut-off date.

D. Discovery will not be conducted in phases.

E. There are currently no issues regarding electronically stored information.

F. Documents that will be produced may require a confidentiality

06315.00/1658217          JOINT REPORT

agreement. If document requests or initial disclosures are subsequently made by either party that require a confidentiality agreement, defendant requests that plaintiff sign a confidentiality agreement.

**(8) ANY RELATED CASES OR PROCEEDINGS PENDING BEFORE ANOTHER JUDGE OF THIS COURT, OR BEFORE ANOTHER COURT OR ADMINISTRATIVE BODY**

There are no known related cases or proceedings.

**(9) RELIEF FOR ALLEGED DAMAGES SOUGHT BY THE COMPLAINT**

Plaintiff requests that statutory and actual damages be awarded under the FDCPA and the RFDCPA. If plaintiff prevailed on her FDCPA cause of action, she would be entitled to statutory damages of not more than $1,000 and any proven actual damages. 15 U.S.C. 1692k. Similarly, if plaintiff prevailed on her RFDCPA claim, she would be entitled to statutory damages of not more than $1,000 and any proven actual damages. *Cal. Civ. Code* § 1788.30. Therefore, plaintiff's potential recovery is capped at $2,000 plus proven actual damages.

**(10) THE PARTIES' CERTIFICATIONS AS TO INTERESTED PARTIES OR PERSONS**

Defendant has filed a Notice of Interested Parties pursuant to Local Rule 7-1.1.

**(11) AN APPROPRIATE LAST DATE FOR THE COMPLETION OF DISCOVERY AND THE HEARING OF MOTIONS, A DATE FOR A FINAL PRETRIAL CONFERENCE AND A TRIAL DATE**

The parties propose the following dates:

April 1, 2011 as a date for the close of discovery;

May 16, 2011 as the last day for the filing of dispositive motions;

July 11, 2011 as the date for final pretrial conference;

July 25, 2011 as a proposed trial date.

### (12) WHETHER THE CASE WILL BE TRIED TO A JURY OR TO THE COURT AND A PRELIMINARY ESTIMATE OF THE TIME REQUIRED FOR TRIAL

Plaintiff has requested a jury trial, and the parties estimate that a trial should take no longer than one week.

### (13) EFFORTS MADE TO SETTLE OR RESOLVE THE CASE TO DATE, AND THE PARTIES' VIEWS AS TO AN APPROPRIATE PLAN FOR MAXIMIZING SETTLEMENT PROSPECTS

With respect to the mandatory settlement procedures set forth by L.R. 16-15.4, Defendant proposes a settlement conference before the Magistrate Judge, or such settlement proceedings as the Court may conduct or direct.

### (14) WHETHER THE CASE IS COMPLEX OR REQUIRES REFERENCE TO THE PROCEDURES SET FORTH IN THE MANUAL ON COMPLEX LITIGATION

This case is not complex.

### (15) WHAT MOTIONS THE PARTIES ARE LIKELY TO MAKE THAT MAY BE DISPOSITIVE OR PARTIALLY DISPOSITIVE

After discovery, both parties may file motions for summary judgment

Plaintiff alleges that he intends to file a motion for class certification after the close of discovery. Defendant states that such a motion would be untimely and objects to the scheduling of a date for the filing of a class certification motion on the grounds that plaintiff has failed to file a motion for class certification, or a motion for an extension of time to do so, within the time limit imposed by C.D. Cal. Local Rule 23-3. Moreover, this action cannot properly be maintained as a class action pursuant to Fed. R. Civ. P. 23, because, inter alia, the questions of law and fact at issue are not common to the putative class, but rather, are highly specific and will vary from person to person.

Plaintiff's individual action is based primarily on alleged live conversations

06315.00/1658217　　　　　　　　　　　　JOINT REPORT

between Defendant and Plaintiff or Plaintiff's husband, whereby Plaintiff alleges various misrepresentations were made by Defendant. (Complaint 10-18, 20, 22-25, 30-31) Plaintiff's individual action also asserts that voicemail messages of varying content were left by different employees of Defendant (Complaint 8-9, 29, 32-33), as opposed to a standardized pre-recorded messages or form letters upon which a defined class could be based.

**(16) ANY UNUSUAL LEGAL ISSUES PRESENTED BY THE CASE**

This case presents no novel or unusual legal issues.

**(17) PROPOSALS REGARDING SEVERANCE, BIFURCATION, OR OTHER ORDERING OF PROOF**

The parties agree that no bifurcation of discovery or a trial of this action is required

DATED: October 18, 2010        CARLSON & MESSER LLP

By /s/David J. Kaminski
David J. Kaminski
Stephen A. Watkins
Attorneys for Defendant,
CREDITORS INTERCHANGE
RECEIVABLE MANAGEMENT, LLC

DATED: October 18, 2010        AMIR J. GOLDSTEIN LAW OFFICES

By /s/Amir J. Goldstein
Amir J. Goldstein
Attorneys for Plaintiff,
NINA MONTOYA