# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-3037 PSG (Ex) | Date | June 17, 2011 |
|---|---|---|---|
| Title | Nina Montoya, *et al*. v. Creditors Interchange Receivable Management, LLC | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

| Proceedings: | **(In Chambers) Order GRANTING Plaintiff's Motion for Attorneys' Fees** |
|---|---|

     Pending before the Court is Plaintiff Nina Montoya's ("Plaintiff") motion for attorneys' fees. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers submitted in support of and in opposition to this motion, the Court hereby GRANTS the motion and awards Plaintiff's counsel $10,405.26.

## I.   Background

     This motion arises from a lawsuit in which Plaintiff brought claims as an individual and on behalf of a class for violations of the Fair Debt Collection Practices Act and Rosenthal Fair Debt Collection Practices Act.[1] The class allegations were stricken by the Court after Plaintiff failed to file a timely motion for class certification. *See* Dkt. # 23 (Mar. 16, 2011). On March 30, 2011, after weeks of failed settlement attempts, Plaintiff accepted Defendant Creditors Interchange Receivable Management, LLC's ("CIRM", or "Defendant") offer of settlement under Federal Rule of Civil Procedure 68 ("Rule 68 Offer"). *See* Dkt. # 27 (Mar. 30, 2011). The Rule 68 Offer stipulated that Plaintiff would be entitled to $5,002.00, representing $2,001.00 in statutory damages and $3,001.00 in actual damages, as well as reasonable attorneys' fees and costs in connection with the action. *Id.*, Ex. 2, ¶ 2.

---

[1] As the parties are by now familiar with the factual allegations at issue in this case, the Court will only repeat them as necessary.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-3037 PSG (Ex) | Date | June 17, 2011 |
|---|---|---|---|
| Title | Nina Montoya, *et al*. v. Creditors Interchange Receivable Management, LLC | | |

As the parties were unable to reach an agreement with regard to the amount of attorneys' fees and costs recoverable under the settlement agreement, Plaintiff filed the present motion, seeking an award of $23,340.00 in attorneys' fees, and $350.00 in costs.

## II.    Legal Standard

Under the "American Rule," each party to a lawsuit is responsible for its own attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). Ordinarily, the prevailing party in a lawsuit does not collect fees absent contractual or statutory authorization. *See Int'l Union of Petroleum & Indus. Workers v. Western Indus. Maintenance, Inc.,* 707 F.2d 425, 428 (9th Cir. 1983). Upon determining that a fee award is in order, the court must calculate the proper amount of the award to ensure that it is reasonable. *See Hensley*, 461 U.S. at 433-34. Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (internal citations omitted). The moving party has the burden to produce evidence that the rates and hours worked are reasonable. *See Intel Corp. v. Terabyte Int'l,* 6 F.3d 614, 623 (9th Cir. 1983).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). In such cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar based on the factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526, F.2d 67, 69-70 (9th Cir. 1975): (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the necessary skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys on the case; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. To the extent that the *Kerr* factors are used to adjust the first prong determination of "reasonable" hours times "reasonable" rate, they may not be "double count[ed]" later. *See Corder v. Gates*, 947 F. 2d 374, 377 (9th Cir. 1991).

## III.    Discussion

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-3037 PSG (Ex) | Date | June 17, 2011 |
|---|---|---|---|
| Title | Nina Montoya, *et al*. v. Creditors Interchange Receivable Management, LLC | | |

The parties agree that, pursuant to paragraph two of Defendant's Rule 68 Offer, Plaintiff's counsel is entitled to an award of reasonable attorneys' fees and costs. *See Offer of Judgment*, Dkt. # 27-2, ¶ 2 (Mar. 30, 2011). They disagree, however, about whether Plaintiff's requested sum of $23,340.00 is reasonable. Plaintiff claims that Defendant's "scorched earth" tactics prolonged the litigation, necessitating 77.8 hours billed at a rate of $300 per hour. *Goldstein Decl.* ¶¶ 7, 10, 11. Defendant counters that such an award would constitute a windfall for Plaintiff's counsel, and accuses him of deliberately driving up the cost of litigation.

### A.    Lodestar Analysis

Under the "lodestar" method of fee calculation used in this Circuit, the Court must multiply the "reasonable" hourly rate by the number of hours "reasonably" expended in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *see also Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998) (citing *Hensley*, 461 U.S. at 433). The resulting "lodestar" figure is presumptively reasonable. *See Morales v. City of San Rafael*, 96 F.3d 359, 364, n.8 (9th Cir. 1996). To aid the Court in making the lodestar calculation, the moving party must submit documentary evidence detailing the number of hours spent and the basis for the hourly rate requested. *Hensley*, 461 U.S. at 433; *see also Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) ("The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.").

### 1.    *Reasonable Hours Expended*

The Court must first determine whether 77.8 hours were reasonably expended in this litigation, as Plaintiff's counsel claims. In conducting this inquiry, the Court may consider the following factors: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation. . . (4) the results obtained, and (5) the contingent nature of the fee agreement." *Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (internal citations and quotation marks omitted); *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976). The Court may reduce the hours requested if the hours are duplicative, excessive, or unnecessary. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#30

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-3037 PSG (Ex) | Date | June 17, 2011 |
|---|---|---|---|
| Title | Nina Montoya, *et al*. v. Creditors Interchange Receivable Management, LLC | | |

Upon examining Plaintiff's billing records, the record in this case, and the papers submitted in support of and in opposition to this motion, the Court concludes that some of the hours claimed by Plaintiff were not reasonably expended. Specifically, for reasons articulated below, the Court finds that Plaintiff's counsel may not recover fees in connection with the following entries.

### a. Entries Pertaining to Failed Class Claims

Plaintiff seeks 16.5 hours in compensation for work related to pursuit of Plaintiff's class claims. As previously indicated, the Court struck Plaintiff's class allegations on grounds that Plaintiff failed to timely move for class certification. Accordingly, the Court does not find this time compensable. *See Johnson v. Curtis O. Barnes, PC, et al.*, CV 09-7960 GHK (RNBx) (C.D. Cal. Dec. 13, 2010).

### b. Entries Pertaining to Failed Motions to Compel

Plaintiff also seeks 9.5 hours of compensation for work relating to two motions to compel. These motions were denied, however, on grounds that Plaintiff did not meet and confer with Defendant's counsel as required by the Local Rules. *See* L.R. 37-1 ("Prior to the filing of any motion relating to discovery pursuant to F. R. Civ. P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible."). In addition, as Defendant points out, a substantial part of the discovery sought in these motions related to Plaintiff's class action claims, which had been stricken by the time of Plaintiff's motion to compel. As the Court finds that Plaintiff's counsel therefore did not act reasonably in bringing these motions, it is unwilling to award Plaintiff's counsel compensation for such work. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983) ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.").

### c. Entries for Clerical Work

Plaintiff's counsel's billing records reflect 2.1 hours spent performing clerical tasks, such as filing documents, setting up a calendar, and updating client phone information. The

CV-90 (06/11) **CIVIL MINUTES - GENERAL** Page 4 of 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3037 PSG (Ex) | Date | June 17, 2011 |
|---|---|---|---|
| Title | Nina Montoya, *et al*. v. Creditors Interchange Receivable Management, LLC | | |

Court finds that such tasks should not have been billed at Plaintiff's counsel hourly rate, and are not compensable as fees reasonably incurred in this litigation. *See Elden v. Thrifty Payless Inc.*, 407 F. Supp. 2d 1165, 1171 (E.D. Cal. 2005) (noting that, in general, "the salaries and benefits paid to support staff are 'a part of the usual and ordinary expenses of an attorney in his practice,' and are properly classified as overhead.") (internal citations omitted).

        d.     <u>Entries Pertaining to Work Performed During Period When Counsel Was Ineligible To Practice Law</u>

Due to his failure to comply with MCLE requirements, Plaintiff's counsel was ineligible to practice law in California from September 1, 2010 to October 18, 2010. *Kaminski Decl.* ¶ 8. In light of such, the Court strikes the 0.7 hours worth of fees Plaintiff seeks to recover for work performed during this time.

        e.     <u>Entries Pertaining to Work Performed After Plaintiff Accepted Defendant's Rule 68 Offer</u>

Defendant argues that the Court should reduce the amount of hours claimed for work performed after Plaintiff accepted the Rule 68 Offer. The Court agrees that one such entry, the 0.3 hours billed for "phones client" on April 15, 2011, should be stricken. As Plaintiff does not indicate the nature or purpose of the call, the Court cannot ascertain whether the time was reasonably expended. However, given that Defendant does not take issue with the majority of other entries following Plaintiff's March 30, 2011 acceptance, and the language of the Offer does not preclude fees for work incurred following acceptance, the Court finds that Plaintiff is entitled to recover fees for the work represented in all other entries after March 30, 2011.

        f.     <u>Miscellaneous</u>

The Court further agrees with Defendant that various other entries should also be reduced or stricken. In particular, although Plaintiff's counsel seeks to recover 1.2 hours for reviewing Defendant's answer, the Court agrees with Defendant that 0.7 hours is a more reasonable expenditure of time on this task.

Defendant also contends that the Court should reject Plaintiff's counsel's claimed 1.5 hours for work on a joint report, as well as his claim for 2 hours of time spent preparing and

| Case No. | CV 10-3037 PSG (Ex) | Date | June 17, 2011 |
| --- | --- | --- | --- |
| Title | Nina Montoya, *et al*. v. Creditors Interchange Receivable Management, LLC | | |

filing a motion to extend the discovery cutoff, because Defendant's counsel – not Plaintiff's counsel – actually performed the work. *See Opp'n* 15:12-19. As Plaintiff does not dispute this contention, the Court will not consider these items compensable.

### g. Calculation of Reasonable Hours

For the foregoing reasons, the Court finds that 33.1 hours claimed were unreasonable, and therefore not compensable. Accordingly, subtracting 33.1 from Plaintiff's claimed total of 77.8 hours, the Court concludes that 44.7 hours were reasonably expended in this litigation.[2]

### 2. *Reasonable Hourly Rate*

The next step in calculating the lodestar is ascertaining whether the hourly rate claimed by counsel is reasonable. Rates should be based on "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th Cir. 2008). Here, Plaintiff's counsel seeks to be compensated at a rate of $300/hour. However, upon reviewing the parties' declarations, as well as awards in similar cases, the Court concludes that $275/hour constitutes a reasonable hourly rate for a case of this type and complexity. *See Johnson v. Curtis O. Barnes, PC, et al.*, CV 09-7960 GHK (RNBx) (C.D. Cal. Dec. 13, 2010) (awarding Plaintiff's counsel $275 hour in a similar case).

### 3. *Lodestar Calculation*

Multiplying the reasonable number of hours expended (44.7) by the reasonable hourly rate ($275/hour), the Court calculates a lodestar figure of $12,292.50.

### B. Additional Adjustments to the Lodestar Figure

Once the "lodestar" figure is calculated, a court has discretion to adjust the figure based on certain factors. *See Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975). Here,

---

[2] The Court is not persuaded by Defendant's contention that Plaintiff's counsel is not entitled to 3 hours of work incurred in bringing this fees motion. Rather, it finds that 3 hours is a reasonable amount of time to spend in bringing this motion, which was expressly contemplated by the Rule 68 Offer.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-3037 PSG (Ex) | Date | June 17, 2011 |
|---|---|---|---|
| Title | Nina Montoya, *et al*. v. Creditors Interchange Receivable Management, LLC | | |

while many of the *Kerr* factors were subsumed within the initial calculation of reasonable hours,[3] one additional consideration warrants further adjustment. Plaintiff ultimately recovered $5,002.00 – substantially less than her first settlement demand of $27,500.00. Thus, in the Court's view, Plaintiff's counsel's limited success merits an additional downward adjustment of the lodestar figure. As Plaintiff's actual recovery was approximately 18.2% of the amount initially sought, the Court finds it appropriate to apply an 18.2% reduction to the lodestar figure. By this measure, the lodestar sum is reduced from $12,292.50 to $10,055.26.

IV.  <u>Conclusion</u>

Thus, based on the foregoing, the Court GRANTS Plaintiff's motion for attorneys' fees. Plaintiff is hereby entitled to $10,055.26 in attorneys' fees and $350.00 in costs,[4] for a total award of **$10,405.26**.

**IT IS SO ORDERED.**

---

[3] The Court notes that it need not address every factor enumerated in *Kerr*, "because most are not matters on which anything is at issue or needs to be said." *McGinnis v. Ky. Fried Chicken of Cal.,* 51 F.3d 805, 809 (9th Cir. 1994).
[4] Defendant does not dispute that Plaintiff reasonably incurred $350.00 in costs.